## BELL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8301.

Circuit Court of Appeals, Third Circuit.
Argued May 19, 1943.
Decided Nov. 30, 1943.

Paul G. Rodewald, of Pittsburgh, Pa. (David B. Buerger, Smith, Buchanan &

Ingersoll, and Joseph M. Kennedy, all of Pittsburgh, on the brief), for petitioner.

Irving I. Axelrod, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before BIGGS, JONES, and WOODBURY, Circuit Judges.

JONES, Circuit Judge.

In 1937 the taxpayer received certain stock and stock warrants of the Pittsburgh Hotels, Inc. (hereinafter called the "New Company") in exchange for second mortgage bonds of the Pittsburgh Hotels Corporation (hereinafter called the "Old Company") which he had purchased for cash in 1928. The exchange was made pursuant to a plan approved by the District Court in a 77B proceeding for the reorganization of the Old Company. The taxpayer sold his stock and warrants of the New Company in 1939 and in his income tax return for that year took credit for a loss measured by the original cost of his second mortgage bonds in the Old Company less the sum realized from his sale of the stock and warrants. The Commissioner disallowed the deduction and determined a deficiency in tax for the year in question.

The Commissioner based his action on the conclusion that the plan of reorganization of the Old Company, approved and carried out in 1937 in the bankruptcy proceeding, was not a reorganization within the meaning of Sec. 112(g) (1) of the Revenue Act of 1936,[1] upon which the taxpayer had relied for his contention that no gain or loss was recognizable from the exchange transaction in the year in which it had taken place, viz., 1937. The Commissioner accordingly ruled that the cost basis of the taxpayer's stock and warrants for the purpose of determining gain or loss from the sale thereof in 1939 was the original cost of his Old Company bonds reduced by the amount of the loss thereon ascertainable upon the exchange for stock and warrants made in 1937.

On the taxpayer's petition for a redetermination of the deficiency found by the Commissioner, the Tax Court sustained the action of the Commissioner on the authority of Helvering v. Southwest Consolidated Corp., 315 U.S. 194, 62 S.Ct.

[1] As retroactively amended by Sec. 213 (g) (1) and (2) of the Revenue Act of 1939, 26 U.S.C.A. Int.Rev.Acts, pages 858, 1178.

546, 86 L.Ed. 789. The petitioner now concedes that the ruling of the Tax Court was correct so far as the applicability of Sec. 112(g) (1) of the Revenue Act of 1936 is concerned. He contends, however, that Sec. 112(b) (5), as construed by the Supreme Court in Helvering v. Cement Investors, Inc., 316 U.S. 527, 62 S.Ct. 1125, 86 L.Ed. 1649, is applicable to the facts of the instant case; that thereunder no gain or loss was recognizable from the exchange of the petitioner's bonds for stock and warrants in 1937; and that, consequently, his loss upon the sale of his stock and warrants in 1939 was the original cost of his bonds less the amount realized from the sale.

■ The Commissioner stresses that the petitioner raises the pertinency and applicability of Sec. 112(b) (5) for the first time in this court on his pending petition for review of the Tax Court's decision. Such, however, is not exactly the situation. It is true that Sec. 112(b) (5) was not relied upon by the taxpayer either in his petition from the Commissioner's determination or at the hearing thereon before the Tax Court. It is also true that neither party brought that provision of the Revenue Act or the Supreme Court's construction thereof in the Cement Investors case to the attention of the Tax Court prior to its decision. However, the petitioner did move timely for a reconsideration of the Tax Court's decision and specified as the reason for his motion the pertinency of Sec. 112(b) (5). In that way the point now advanced by the petitioner was raised below; and the Tax Court terminated the matter by entering an order denying the petitioner's motion for a reconsideration of the decision.

This is not a case of a party who, unsuccessful below, "add[s] here for the first time another string to his bow". Cf. Helvering v. Wood, 309 U.S. 344, 349, 60 S. Ct. 551, 553, 84 L.Ed. 796. Even that may be done where there has not been an express waiver of the ground later advanced. See Hormel v. Helvering, 312 U.S. 552, 557-559, 61 S.Ct. 719, 85 L.Ed. 1037. We think that, under the circumstances here shown, Sec. 112(b) (5) is presently available to the petitioner. In fact we do not understand the respondent as actually contending otherwise. The matter of present importance is whether the facts of the instant case fulfill the requirements necessary for the applicability of Sec. 112(b) (5), 26 U.S.C.A. Int.Rev.Acts, pp. 855, 856, which provides as follows:

"§ 112. Recognition of Gain or Loss.

\* \* \* \* \*

"(b) Exchanges solely in kind

\* \* \* \* \*

"(5) Transfer to corporation controlled by transferor. No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange." (Amended by § 213(b) of the Revenue Act of 1939, c. 247, 53 Stat. 872, in manner not here material.)

In the Cement Investors case the Supreme Court held that the transfer of assets and exchange of securities there involved met the requirements of Sec. 112(b) (5), whereby no gain or loss was recognizable from the transaction. In that case, just as in the present, the Commissioner had held gain or loss to be recognizable because the transaction did not meet the requirements of Sec. 112(g) (1). The parallel between the facts of the instant case and the facts of the Cement Investors case is for the most part striking.

In both cases the complaining taxpayers owned bonds of respective corporations which had filed petitions for reorganization under Sec. 77B of the Bankruptcy Act, 11 U.S.C.A. § 207; and, in each case, a plan of reorganization was formulated by committees of security holders. In Cement Investors the plan "provided for the formation of a new company, to which all the assets of the two debtor companies [parent and subsidiary] would be transferred." In the present case the plan provided for the organization of the New Company "to acquire all the property and assets" of the Old Company. In Cement Investors the plan contemplated that "the stockholders of the debtor companies would receive no interest in the new company", and here, similarly, "the stockholders of the [Old] Corporation were not given a chance to and did not participate in the reorganization." The plan in the Cement

149

Investors case required the new company to "issue income bonds and common stock in exchange for the bonds" of the old company and that "immediately after the consummation of the plan all of the issued shares of the new company * * * belonged to the former holders of the bonds." [316 U.S. 527, 62 S.Ct. 1126, 86 L.Ed. 1649] In the instant case the New Company, in accordance with the plan, issued mortgage bonds, debentures, stock and stock subscription warrants, which were received in their entirety by the former (bond, preferred and general) creditors of the Old Company. In each case the plan as so formulated was confirmed by the District Court and thereafter effectuated. The taxpayers in the Cement Investors case exchanged their bonds "for income bonds and common stock of the new company." In the present case the petitioner exchanged his second mortgage bonds of the Old Company for common stock and stock subscription warrants of the New Company.

There is, however, one very material present difference between the two cases. In the Cement Investors case it was undisputed (see 316 U.S. at page 531, 62 S.Ct. at page 1127, 86 L.Ed. 1649) that "the stock and income bonds acquired by each bondholder were substantially in proportion to his interest in the assets of the debtor companies prior to the exchange." In the instant case there has been no finding in such regard. In view of the statute's cognate requirement, the necessity for an appropriate finding in material connection is readily apparent. Each party has presented argument in support of his respective contention as to what the relevant finding should be on the basis of the record facts. But it is no part of our province, upon the review of a decision by the Tax Court, to make fact findings. That duty devolves upon the authorized fact finder. We have naught to do therefore but to remand the case to the Tax Court for a finding with respect to the material fact indicated and for decision thereafter in the light of the findings as they then exist.

The decision of the Tax Court is reversed and the case remanded for further proceedings not inconsistent with this opinion.